UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                           Plaintiff,

                                                       <u>DECISION AND ORDER</u>

                                                       05-CR-6108L

                         v.

ANDRE HEMINGWAY,

                           Defendant.
_____

       The Court referred pretrial matters in this case to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b).  In due course, defendant, Andre Hemingway ("Hemingway"), moved to suppress statements and certain tangible items.

       Magistrate Judge Payson conducted a suppression hearing and a transcript of that proceeding (Dkt. #85) has been prepared and made available to this Court.  At the conclusion of that hearing, Magistrate Judge Payson issued a thorough Report and Recommendation (Dkt. #96) recommending that the motion to suppress statements and the motion to suppress evidence be denied.  No objections were filed to that Report and Recommendation.

       In her Report and Recommendation, Magistrate Judge Payson discussed the testimony at the suppression hearing.  The only two witnesses who testified were presented by the Government, and they were Officer Edward Bernabei of the Rochester, New York Police

Department and Special Agent John Hayes of the Bureau of Alcohol, Tobacco and Firearms. No witnesses testified for the defense. Magistrate Judge Payson found the testimony of these witnesses credible and there is ample reason to make that determination.

I agree with Magistrate Judge Payson's determination that the statements made by Hemingway at the time the search warrant was executed at 187 Lewis Street in Rochester, New York were spontaneous and not prompted by any law enforcement interrogation. The statements made by Hemingway, accepting responsibility for the cocaine and possibly exculpated his brother, Joey Hemingway, was spontaneous. There is no basis to suppress it.

Likewise, I agree with Magistrate Judge Payson that Hemingway's statements made during an interview at the Rochester Public Safety Building complied with the dictates of *Miranda v. Arizona,* 384 U.S. 436 (1996). I agree with Magistrate Judge Payson that Hemingway was advised of his rights and voluntarily waived them.

Magistrate Judge Payson carefully considered the several requests to suppress tangible evidence. These included an automobile key, a quantity of cash and a quantity of marijuana found during a search of Hemingway at the time of his arrest. Hemingway also challenges items seized after his arrest from a 1989 Mazda van.

Magistrate Judge Payson agreed with the Government's contention that Hemingway had no expectation of privacy in the van and, therefore, no basis to move to suppress items found there. I agree with that conclusion, and I also note that Magistrate Judge Payson found that even if Hemingway had established standing to challenge the search, the warrant issued was supported by probable cause. The motion to suppress should be denied.

CONCLUSION

I accept and adopt Magistrate Judge Marian W. Payson's Report and Recommendation (Dkt. #96). Defendant Andre Hemingway's motion to suppress statements and motion to suppress physical evidence is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      February 13, 2007.